IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cordera Jones,<br><br>       Plaintiff,<br>  v.<br><br>Village of Stone Park Police Chief Valdimir Talley, Jr., in his official capacity, Village of Stone Park Police Officer Robert Vicari, Village of Stone Park Police Officer Amin, Village of Stone Park, and as-of-yet unknown Village of Stone Park Police Officers,<br><br>       Defendants. | No. 1:15-cv-2604<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Now comes Plaintiff, CORDERA JONES, by and through his attorneys, Angelini & Angelini, and complaining of Defendants, Village of Stone Park Police Chief VALDIMIR TALLEY, JR., in his official capacity, Village of Stone Park Police Officer ROBERT VICARI, Village of Stone Park Police Officer AMIN, VILLAGE OF STONE PARK, and AS-OF-YET UNKNOWN VILLAGE OF STONE PARK POLICE OFFICERS, states as follows:

### Introduction

1. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

1

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within the district.

### Parties

4. On March 28, 2014, Plaintiff, Cordera Jones, was a 23 year old resident of Chicago, Illinois.

5. Defendant, Village of Stone Park Police Chief Valdimir Talley, Jr. is and was at all times relevant to the events at issue in this case employed by the Village of Stone Park.

6. Defendant Village of Stone Park Police Officers, Robert Vicari (Star No. 33) and Amin (first name unknown, Star No. 16) are or were at all times relevant to the events at issue in this case, officers employed by the Village of Stone Park.

7. Defendant, as-of-yet unknown Village of Stone Park Police Officers, are or were at all times relevant to the events at issue in this case, officers employed by the Village of Stone Park.

8. All of the Defendant Officers were at all times relevant acting under color of law and within the scope of their employment.

9. Defendant Village of Stone Park is an Illinois Municipal Corporation, and is or was the employer of the Village of Stone Park Police Chief Valdimir Talley, Jr. and Defendant Officers.

### Factual Allegations

10. On or about March 28, 2014 at approximately 4:15a.m., Plaintiff was located in the restroom at Allure Nightclub, 3801 West Lake Street, Chicago, Illinois.

11. Around that time, a fight broke out inside Allure Nightclub, of which Plaintiff, Cordera Jones, had no involvement.

12. As Plaintiff, Cordera Jones, exited Allure Nightclub, and without any provocation, Officer Vicari, Officer Amin and/or as-of-yet-unknown Police Officers punched Mr. Jones until he fell to the ground, then repeatedly stomped and kicked him while he was laying on the ground.

13. Throughout this course of conduct, there were numerous Village of Stone Park Police Officers in the vicinity and Plaintiff, Cordera Jones, was screaming for help.

14. Despite the attack being witnessed by multiple Defendant Officers, and Plaintiff, Cordera Jones, pleading for help, none of the Defendant Officers came to his aid.

15. Plaintiff, Cordera Jones, was not resisting in any way.

16. As a result of this attack, Plaintiff suffered serious injuries to his head, face, and jaw, including a broken jaw that required surgery and the insertion of metal plates. During this attack, Plaintiff feared for his life.

## Count I – 42 U.S.C. § 1983
### Excessive Force

17. Each of Paragraphs in this Complaint is incorporated as if restated fully herein.

18. As described in the preceding paragraphs, the conduct of the Defendant Officers toward Plaintiff constituted excessive force in violation of the United States Constitution.

19. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

20. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the Plaintiff's rights.

21. The misconduct described in this Count was undertaken under the policy and practice of the Village of Stone Park Police Department, for which Village of Stone Park Police Chief Valdimir Talley, Jr. is responsible, in that:

    a. As a matter of both policy and practice, the Village of Stone Park Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Village of Stone Park Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Village of Stone Park police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff. Specifically, Village of Stone Park police officers accused of excessive force can be confident that the Village of Stone Park Police Department will not investigate those accusations in earnest and will refuse to recommend discipline even where the officer has engaged in excessive force;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Stone Park Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Village of Stone Park and the Stone Park Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d. Village policy-makers are aware of, condone, and facilitate by their inaction a "code of silence" in the Village of Stone Park Police Department, by which

    officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

    e. The Village of Stone Park Police Department has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

22. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff has suffered monetary loss, pain and injury, as well as emotional distress.

### Count II – 42 U.S.C. § 1983
### Failure to Intervene

23. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

24. Defendant Officers had a reasonable opportunity to prevent each other from using excessive force against Plaintiff had they been so inclined, but they failed to do so.

25. As a result of the Defendant Officers' failure to intervene, Plaintiff suffered monetary loss, pain and injury, as well as emotional distress.

26. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness and reckless indifference to the rights of others.

27. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Village of Stone Park Police Department, for which Village of Stone Park Police Chief Valdimir Talley, Jr. is responsible, in the manner described more fully above.

### Count III – State Law Claim
### Assault and Battery

28. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

29. As described more fully in the preceding paragraphs, the actions of the Defendant Officers created a reasonable apprehension of imminent harm and constituted offensive physical contact with Plaintiff, Cordera Jones.

30. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness and reckless indifference to the rights of others.

31. As a result of the actions of the Defendant Officers, Plaintiff sustained physical and emotional injuries.

**Count IV – State Law Claim**
**Respondeat Superior**

32. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

33. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Village of Stone Park Police Department, for which the Village of Stone Park Police Chief Valdimir Talley, Jr. is responsible, acting at all relevant times within the scope of their employment.

34. Defendant Village of Stone Park Police Chief Valdimir Talley, Jr. is liable as principal for all torts committed by his agents.

**Count V – State Law Claim**
**Indemnification**

35. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

36. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

37. The Defendant Officers are or were employees of the Village of Stone Park Police Department, for which Village of Stone Park Police Chief Valdimir Talley, Jr. and/or the Village of Stone Park is responsible, and acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, CORDERA JONES, respectfully requests that this Court enter judgment in his favor and against Village of Stone Park Police Chief VALDIMIR TALLEY, JR., in his official capacity, Village of Stone Park Police Officer ROBERT VICARI, Village of Stone Park Police Officer AMIN, VILLAGE OF STONE PARK, and AS-OF-YET UNKNOWN VILLAGE OF STONE PARK POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against the DEFENDANT OFFICERS, as well as any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, CORDERA JONES, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: March 27, 2015

Respectfully Submitted,

 /s/ Donald J. Angelini, Jr.
Donald J. Angelini, Jr.
Angelini & Angelini
155 N. Michigan Avenue, Suite 400
Chicago, Illinois 60601
Ph: 312.957.1900
F: 312.861.1302
donald.angelinilaw@gmail.com

Counsel for Plaintiff, Cordera Jones.

7